**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| CUMANDA CISNEROS, | : | |
| | : | |
| and | : | |
| | : | |
| MARIA SANTIZO | : | |
| 1814 Bronzegate Blvd. | : | |
| Silver Spring, Maryland  20904 | : | |
| | : | |
| On Their Own Behalf and on Behalf | : | |
| of All Others Similarly Situated | : | |
| | : | Civil Action No. 8:17-cv-03750-PWG |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ANDREWS & LAWRENCE | : | |
| PROFESSIONAL SERVICES, LLC | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| TORIN K. ANDREWS | : | |
| 9639 Dr. Perry Rd. | : | |
| Suite 208 South | : | |
| Ijamsville, MD 21754 | : | |
| | : | |
| and | : | |
| | : | |
| KARY B. LAWRENCE | : | |
| 9639 Dr. Perry Rd. | : | |
| Suite 208 South | : | |
| Ijamsville, MD 21754 | : | |
| | : | |
| and | : | |
| | : | |
| GOSHEN RUN HOMEOWNERS | : | |
| ASSOCIATION INC. | : | |
| c/o The Management Group | : | |
| Associates, Inc. | : | |
| Ste 100 | : | |
| 20440 Century Blvd. | : | |
| Germantown, Maryland 20874 | : | |
| Serve on: Jeff Gatlin | : | |
| c/o The Management | : | |
| Group Associates, Inc. | : | |

Ste 100                                                 :
20440 Century Blvd.                          :
Germantown, Maryland                   :
          20874                                        :
                                                             :
and                                                        :
                                                             :
COUNCIL OF UNIT OWNERS OF           :
STONEHEDGE CONDOMINIUM INC. :
c/o The Management Group                  :
Associates, Inc.                                      :
Ste 100                                                 :
20440 Century Blvd.                          :
Germantown, Maryland 20874            :
          Serve on: Jeff Gatlin                 :
                    c/o The Management      :
                    Group Associates, Inc.  :
                    Ste 100                          :
                    20440 Century Blvd.     :
                    Germantown, Maryland :
                              20874                  :

## FIRST AMENDED CLASS ACTION COMPLAINT AGAINST THE ANDREWS & LAWRENCE DEFENDANTS AND OTHERS AND DEMAND FOR JURY TRIAL

Named Plaintiffs Cumanda Cisneros ("Ms. Cisneros") and Maria Santizo ("Ms. Santizo"), on their own behalf and on behalf of a class of similarly situated persons, by and through their attorneys Richard S. Gordon, Benjamin H. Carney and Ashley A. Wetzel of GORDON, WOLF & CARNEY, CHTD., and Alexa E. Bertinelli of CIVIL JUSTICE INC., sue: (1) Andrews & Lawrence Professional Services, LLC ("Andrews & Lawrence"); (2) Torin K. Andrews ("Andrews") and Kary B. Lawrence ("Lawrence") (collectively the "Defendant Attorneys"); and, (3) Goshen Run Homeowners Association, Inc. ("Goshen Run") and Council of Unit Owners of Stonehedge Condominium Inc. ("Stonehedge") (collectively the "HOAs")  and allege as follows:

2

**<u>INTRODUCTION</u>**

1.      This Amended Complaint (hereinafter "Complaint") challenges the unconscionable and illegal debt collection practices of Andrews & Lawrence and the Defendant Attorneys, on behalf of the HOAs and other Creditor Clients, who associated for the purpose of perpetrating an illegal debt collection scheme against hundreds, if not thousands, of consumers in the State of Maryland.

2.      As part of their general practice, for more than a decade and continuing through the date of filing this Complaint, Andrews & Lawrence and the Defendant Attorneys are retained by the HOAs and other Creditor Clients (including homeowner, community and condominium association, sales finance companies and others) to act as debt collectors and contract with these entities to serve as their agents in collecting alleged outstanding consumer debts evidencing or arising from consumer transactions and/or loans. Over the past decade and continuing into the present, Andrews & Lawrence and the Defendant Attorneys have routinely placed financially vulnerable Marylanders in an impossible position by requiring them to enter into promissory notes that contain a confessed judgment clause ("Confessed Judgment Promissory Note" or "Note").

3.      The Confessed Judgment Promissory Notes by their nature not only force consumers to waive all of their rights to defend against the entry of judgment as the law otherwise provides, but Andrews & Lawrence and the Defendant Attorneys also use them to inflate costs, pre-assessed interest and other charges, and assess unreasonable attorneys' fees that drive up the alleged principal amount owed.  The excessive principal amounts require impossibly high monthly payments that inevitably lead to default and force the already vulnerable consumers into an inescapable spiral of debt that often leads to financial ruin.

4.      Although Maryland law unambiguously prohibits the use of such Confessed Judgment Promissory Notes in consumer instruments because they constitute an "unfair, abusive, or deceptive trade practice" – *see* Maryland Consumer Protection Act ("CPA"), Comm. §13-301(12) – for nearly a decade, Andrews & Lawrence and the Defendant Attorneys, as agents for and on behalf of the HOAs and other Creditor Clients, have routinely used the Confessed Judgment Promissory Notes to collect and extract monthly payments from the Named Plaintiffs and Class Members.  Although the Defendants have actual knowledge that the Named Plaintiffs and the Class asserted herein are consumers, they have consistently used the Confessed Judgment Promissory Notes to obtain Confessed Judgments against the Plaintiffs and Class Members in Court, by falsely and inaccurately attesting to the Court "under penalty of Perjury" that each Confessed Judgment Promissory Note "does not evidence or arise" from a consumer loan or transaction.

5.      Indeed, Confessed Judgments are not favored in Maryland, because the Maryland General Assembly and the Maryland Courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse.

6.      Defendants' scheme to use Confessed Judgment Promissory Notes to collect alleged consumer debts is particularly egregious because Defendants are well aware that the use of their Confessed Judgment Promissory Notes is an unfair, abusive, or deceptive trade practice and violates the law.   Indeed, even though several Courts have denied the entry of Confessed Judgments, Defendants persist in using the illegal instruments to collect on the alleged debts owed by Plaintiffs and the Plaintiff Class.

7.      But that is not all.  In furtherance of their scheme to cheat consumers, when a Court would deny Defendants' request to enter a Confessed Judgment – finding that the

transaction involved a consumer debt for which Confessed Judgment Promissory Notes are prohibited – Defendants would engage in forum shopping and simply go to a neighboring jurisdiction to file an identical complaint seeking entry of the same Confessed Judgment.  In such instances – ***including the circumstances of Named Plaintiff Santizo (as discussed in ¶¶121 to 153, below)*** – Defendants do not disclose or explain to the Court in the second jurisdiction that another Court in Maryland had already considered and denied the request for entry of Confessed Judgment because it involved consumer debt.  Thus, Defendants violated their duty of candor to the Court and to the Plaintiff victims of their scheme.  This suit seeks to end these illegal collection practices and to obtain compensation and other relief for the losses sustained by Named Plaintiffs and members of the Class.

8.     In order to carry out their scheme to cheat consumers by collecting alleged debts with instruments that violate the public policy of Maryland, the Defendants formed an unincorporated "association-in-fact" racketeering enterprise consisting of a group of separate entities that conspired among themselves, by agreement and understanding, and, over many years, engaged in the unlawful acts described herein for their own personal gain.  This racketeering enterprise was intended to and did operate to the detriment of the Named Plaintiffs and the Class who were the target of Defendants' illegal activities.   In this regard the scheme was very successful because the Defendants' scheme led directly to and resulted in significant damages, injury and loss to the Plaintiffs and Class.

9.     Accordingly, Plaintiffs bring this Complaint on behalf of themselves and a Plaintiff Class of similarly situated consumers, to stop Andrews & Lawrence and the Defendant Attorneys' illegal practices committed on behalf of the HOAs and other Creditor Clients, to obtain compensation for the Class, and to secure a declaratory judgment to ensure the illegal and unfair, abusive, or deceptive trade practice does not continue in the future.

10.     As set forth in this Complaint, Andrews & Lawrence and the Defendant Attorneys' use of the Confessed Judgment Promissory Notes violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a), 1962(c) and 1962(d); the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Comm. § 14-201 *et seq.* and the Common Law.

11.     For their part, the HOAs' participation in the association-in-fact and Andrews & Lawrence and the Defendant Attorneys' illegal activities violates RICO, 18 U.S.C. §§ 1962(a), 1962(c) and 1962(d); the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Comm. § 13-301 *et seq.*, as well as the Common Law.

12.     Finally, Plaintiffs seek equitable relief against Andrews & Lawrence, the Defendant Attorneys and the HOAs, requesting a declaration: (a) that the use of the Confessed Judgment Promissory Notes violates the law; (b) that the Confessed Judgment Promissory Notes, as well as the confessed judgments entered by Courts against the Plaintiff Class, are void *ab initio* and unenforceable; and (c) to prevent them from using and enforcing the illegal Confessed Judgment Promissory Notes they entered into with members of the Plaintiff Class.

### <u>PARTIES</u>

13.     Defendant Andrews & Lawrence Professional Services, LLC is a registered Maryland limited liability company with its principal place of business in Montgomery County, Maryland. Andrews & Lawrence Professional Services, LLC was founded in 1991and engages in the daily business of providing legal services and debt collection services for HOAs and other creditors throughout Maryland.

14.     Defendant Torin K. Andrews ("Attorney Andrews") is the attorney who founded Andrews & Lawrence Professional Services, LLC twenty (20) years ago. Attorney Andrews was

admitted to practice law in Maryland in 1989. He has significant experience practicing in the area of community association law, with an emphasis on collection matters, bankruptcy issues, and foreclosure issues. Throughout the timeframe of this Complaint, Attorney Andrews was individually involved in the drafting, execution and use of the Confessed Judgment Promissory Notes that are at issue in this case.   He also personally filed many of the Complaints for Judgments by Confession that falsely represented to the Court that underlying debts did not arise from a consumer transaction.

15.    Defendant Kary B. Lawrence ("Attorney Lawrence") is an attorney at Andrews & Lawrence Professional Services, LLC. Attorney Lawrence was admitted to practice law in Maryland in 1993 and has considerable experience in collection suits and general litigation. Throughout the timeframe of this Complaint, Attorney Lawrence was individually involved in the drafting, execution and use of the Confessed Judgment Promissory Notes that are at issue in this case.  She also personally filed many of the Complaints Confessed Judgment that falsely represented to the Court that underlying debts did not arise from a consumer transaction.

16.    Defendant Goshen Run Homeowners Association, Inc. is an incorporated association that manages a residential community in Montgomery County, Maryland. Since at least 2010, Goshen Run has retained Andrews & Lawrence to act as its agent to collect unpaid homeowners' association debts from consumers through the use of Confessed Judgment Promissory Notes.

17.    Defendant Council of Unit Owners of Stonehedge Condominium, Inc. is a condominium association located in Montgomery County, Maryland that is managed by the Management Group Associates. Since at least 2016, Stonehedge has retained Andrews & Lawrence to act as its agent to collect unpaid homeowners' association debts from consumers through the use of Confessed Judgment Promissory Notes.

18.     "Creditor Clients" are unnamed co-conspirators who retained Andrews & Lawrence to act as a debt collector and contracted on their behalf to collect alleged outstanding consumer debts evidencing or arising from consumer transactions and/or loans through the use of Confessed Judgment Promissory Notes.

19.     Plaintiff Cumanda Cisneros is a citizen of Maryland, residing in Montgomery County, Maryland. On or about April 11, 2016, Defendant Andrew & Lawrence required Ms. Cisneros to sign a Confessed Judgment Promissory Note which Andrews & Lawrence, thereafter and until the filing of this Complaint, has used to collect a consumer debt allegedly owed by Ms. Cisneros.

20.     Plaintiff Maria Santizo is a citizen of Maryland, residing in Montgomery County, Maryland. On or about May 3, 2016, Defendant Andrew & Lawrence required Ms. Santizo to sign a Confessed Judgment Promissory Note which Andrews & Lawrence, thereafter and until the filing of this Complaint, used to collect a consumer debt allegedly owed by Ms. Santizo.

## **JURISDICTION AND VENUE**

21.     This class action was removed to this Court by Defendant Andrews & Lawrence Professional Services, LLC pursuant to 28 U.S.C. §§1441 and 1446.  Defendant contends that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

22.     Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events giving rise to claims herein occurred within this District and Andrews & Lawrence, the Defendant Attorneys and the HOAs  all systematically and continually transact business in this District.

## FACTS

### Congress and the Maryland General Assembly established protections for consumers to prevent the types of abuses perpetrated by <u>Andrews & Lawrence on behalf of the HOAs.</u>

23.     Federal law strictly regulates the practice of collecting consumer debts and imposes harsh penalties for the violation of those requirements. *See* 15 U.S.C. §§ 1692-1692p.

24.     In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to address illegal and improper practices by debt collectors such as Andrews & Lawrence. "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

25.     Congress enacted the FDCPA because it determined that: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

26.     To this end, the FDCPA forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

27.     The FDCPA also makes it illegal for debt collectors to use "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under this section, a false or misleading representation includes "[t]he threat to take any action that cannot legally be taken…" 15 U.S.C. § 1692e(5).

28.     "Any action that cannot legally be taken" encompasses a number of Andrews & Lawrence's practices. Specifically, Andrews & Lawrence are using Confessed Judgment

Promissory Notes to collect debts allegedly owed by the Plaintiffs and Class, which the Maryland General Assembly has expressly determined is an unfair, abusive, or deceptive trade practice. Md. Code Ann., Comm. §13-301(12).

29.    Any debt collector that violates the FDCPA is liable for actual damages, plus statutory damages, plus litigation costs and attorney's fees. 15 U.S.C. § 1692k.

30.    Maryland law provides similar protections for consumers through both the CPA and the MCDCA.

31.    The CPA was originally enacted in 1973 because the legislature found that existing laws were "inadequate, poorly coordinated and not widely known or adequately enforced." Md. Code Ann., Comm. § 13–102(a)(2). The General Assembly enacted the CPA as a comprehensive consumer protection act to provide protection against unfair, abusive, or deceptive trade practices in consumer transactions. Md. Code Ann., Comm. § 13–102(b). The intention of the Legislature was to set "minimum statewide standards for the protection of consumers." Md. Code Ann., Comm. § 13–102(b)(1);  Md. Code Ann., Comm. § 13–103(a). To realize this end, the General Assembly sought to implement strong protective and preventive measures to assist the public in obtaining relief from unlawful consumer practices and to maintain the health and welfare of the citizens of the State. Md. Code Ann., Comm. § 13–102(b)(3).

32.    The CPA forbids "any unfair, abusive, or deceptive trade practice" in "[t]he offer for sale, lease, rental, loan, or bailment of consumer goods, consumer realty, or consumer services." Md. Code Ann., Comm. § 13-303 (2).

33.    "Unfair, abusive, or deceptive trade practices include … [u]se of a contract related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action." Md. Code Ann., Comm. § 13-301(12).

34.     Maryland is not an outlier in this regard.  Indeed, Maryland's essential public policy is consistent with Federal Law which strictly prohibits cognovit or Confessed Judgment provisions in consumer transactions and debts.  *Federal Trade Commission Act*, 16 CFR §444.2(a)(1).

35.     In addition to the CPA, the Maryland Legislature enacted the MCDCA, Md. Code Ann., Comm. § 14-201 *et seq.*

36.     The MCDCA serves as Maryland's state law equivalent to the FDCPA.

37.     Under the MCDCA, "In collecting or attempting to collect an alleged debt a collector may not: Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Comm. § 14-202(8).

38.     A collector who violates the MCDCA is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. Md. Code Ann., Comm. § 14-203.

### Andrews & Lawrence's use of Confessed Judgment Promissory Notes to collect consumer debts from the Class was and has been their <u>standard practice over the past decade</u>

39.     Despite the unambiguous prohibition against the use of contracts or instruments that contain a Confessed Judgment clause that waives the consumer's right to assert a legal defense to an action, for nearly a decade Andrews & Lawrence and the Defendant Attorneys together with the HOAs and other Creditor Clients have routinely and consistently used Confessed Judgment Promissory Notes to collect debts allegedly owed by consumers.

40.     Andrews & Lawrence are routinely employed as debt collectors for creditors, seeking to enforce their rights in Maryland Courts vis-à-vis consumer debts allegedly owed by consumers.

41.     The use of Confessed Judgment Promissory Notes to collect alleged consumer debts by debt collection attorneys representing creditors seeking recovery of consumer debts, while long outlawed in this State, was resurrected around 2009.   Upon information and belief, initially it was sparsely used.  However, once a few debt collection attorneys, including Andrews & Lawrence and the Defendant Attorneys, discovered that they were able to use these illegal Confessed Judgment Promissory Notes as a type of "short cut" to avoid having to actually prove their case against consumers without detection from the Court, they shared their successes with other members of the debt collection bar and it became a common practice.

42.     As the practice became more common among debt collection attorneys, Courts began to catch on to the scheme and began denying the Complaints for Confessed Judgment based on Confessed Judgment Promissory Notes arising from consumer transactions.

43.     In 2015 – after an extensive opinion from Judge Eugene Wolfe in the District Court for Montgomery County outlining exactly why the Confessed Judgment Promissory Notes violate the CPA – it became a common practice for Judges to deny the Complaints for Confessed Judgment when the alleged underlying debt arose from a consumer transaction or debt.  In the wake of Judge Wolfe's opinion, many debt collection law firms ceased use of Confessed Judgment Promissory Notes in consumer cases.

44.     Unlike much of the debt collection bar, however, Andrews & Lawrence have NOT ceased filing new Confessed Judgment cases, but have instead taken a more aggressive approach to cheating consumers in the wake of the many opinions refusing to enter or vacating Judgments by Confession in consumer cases.  Up until a couple of years ago Andrews & Lawrence used a form Confessed Judgment Promissory Note that generally permitted the firm to confess judgment against consumers. An exemplar is attached hereto as **Exhibit A**.   More recently, though, in light of the Orders denying the request for entry of the Confessed Judgment

in consumer cases, Andrews & Lawrence, as a subterfuge, added the following provision to its

form Confessed Judgment Promissory Note:

> E.     **<u>Non-Waiver of Legal Defenses</u>**
>     I, _____, do not waive any legal defenses to any action to enforce this
> promissory note and mortgage.

45.     Confessed Judgment clauses by their very nature waive all of a consumer's legal

defenses, due process rights and abilities to call witnesses and introduce evidence before

judgment is entered. Andrews & Lawrence's additional clause provides no real benefit to

consumers and further evidences Andrews & Lawrence's deception and knowledge of their illegal

practices.

46.     Both before and continuing beyond Orders denying the requests for entry of the

Confessed Judgment in consumer cases, Andrews & Lawrence followed a typical protocol when

using the Confessed Judgment Promissory Notes.

47.     First, Andrews & Lawrence would contact a consumer who allegedly owed a debt

to a creditor who had hired Andrews & Lawrence to collect the debt on their behalf.

48.     Next, an agent or employee of Andrews & Lawrence, often one or both of the

Defendant Attorneys, would explain to the consumer that the only way that the consumer could

avoid further legal action to collect on the alleged debt was to sign an agreement – *i.e.*, the

standard form Confessed Judgment Promissory Note.  A copy of the Note would be sent to the

consumer using the U.S. Mails or electronic transmission.

49.     The Confessed Judgment Promissory Notes are unconscionable contracts of

adhesion. At the time the Confessed Judgment Promissory Notes were presented to Class

Members, Andrews & Lawrence and the Class Members were in grossly unequal positions of

power. Class Members, often with little or no knowledge of consumer law, and faced with the

threat of impending legal action were presented with "take-it-or-leave-it" Confessed Judgment

Promissory Notes containing an illegal clause waiving all of their rights to contest the alleged consumer debts.

50.     The terms of the Confessed Judgment Promissory Note were non-negotiable in at least one material respect.  Namely, each Confessed Judgment Promissory Note included a clause that: (a) permitted a Creditors to appoint an attorney from Andrews & Lawrence on behalf of the consumer who would have authority; (b) without any prior notice to or approval from the consumer; (c) to file for entry of a Confessed Judgment against the consumer; in a way that (d) waived the consumer's right to assert a legal defense to the action.

51.     The Confessed Judgment Promissory Notes typically include alleged amounts due well in excess of the original principal claimed by the HOA or other Creditor Client.  Upon information and belief, Andrews & Lawrence padded the amounts due under the Confessed Judgment Promissory Notes by adding in future (i.e., advanced) payments allegedly due to the creditor, fees and costs as well as attorney's fees (collectively "Excess Fees"), many of which would be disallowed had Andrews & Lawrence sought the same recovery in a contested action in Court.

52.     The Excess Fees would then be rolled into the monthly payment set forth in the Confessed Judgment Promissory Note.

53.     When consumers would ask questions related to the instrument, Andrews & Lawrence would intentionally misrepresent to the consumer, either expressly or impliedly, that the terms of the Confessed Judgment Promissory Note were legal, binding and enforceable.  The consumers would reasonably rely upon these representations to their detriment.

54.     Nonetheless, at all times relevant to this Complaint, the Andrews & Lawrence knew or had reason to know that the Confessed Judgment Promissory Notes evidenced or arose

14

out of related consumer transactions or debts, and were contrary to the essential public policy of the State of Maryland.

55.    Once the consumer was forced or coerced into signing the Confessed Judgment Promissory Note, Andrews & Lawrence and the Defendant Attorneys required the executed Notes to be returned to them via the U.S. Mails or by electronic transmission.

56.    Andrews & Lawrence and the Defendant Attorneys used the contract to enforce collection of the monthly payments set forth in the Confessed Judgment Promissory Note, including the Excess Fees.

57.    In many instances, even when the consumer made all of payments required by the Confessed Judgment Promissory Note, Andrews & Lawrence and the Defendant Attorneys would use the Confessed Judgment Promissory Note to obtain a Confessed Judgment against the consumer.

58.    Whether in the Maryland Circuit or District Court, Andrews & Lawrence would complete and file, without the consumer's knowledge or notice, the official Court form Confessed Judgment Complaint which requires an attestation, under "penalty of perjury" that:

- The instrument does not evidence or arise from a consumer loan as to which a confessed judgment clause is prohibited by Code, Commercial Law Article, § 12-311 (b).
- The instrument does not evidence or arise from a consumer transaction as to which a confessed judgment clause is prohibited by Code, Commercial Law Article, § 13-301.

59.    Pursuant to Md. Code Ann., Comm. §13-301, "it is an unfair, abusive, or deceptive trade practice to … use a contract related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action."

60.    In all instances, Andrews & Lawrence and the Defendant Attorneys completed the attestation and, in so doing, knowingly misrepresented to the Court the nature of the Confessed Judgment Promissory Notes that they sought to enforce, all to the detriment of the Named Plaintiffs and the Class.  At no time relevant to this Complaint did Andrews & Lawrence disclose to the Court that the instruments upon which the requests for entry of Confessed Judgments were based arose from a consumer transaction or debt, even though they knew this to be the case.

61.    Andrews & Lawrence and the Defendant Attorneys used the U.S. Mail system to send mailable material to the Plaintiffs and the Plaintiff Class, financial institutions, and the Court in furtherance of their fraudulent scheme to collect on and use the invalid Confessed Judgment Promissory Notes.

62.    Andrews & Lawrence also used wires – telephone and email communication – to send transmissions to and communicate with the Plaintiffs, the Plaintiff Class and the Court.

63.    In many instances, because Andrews & Lawrence falsely and deceptively withheld from the Court the true nature of the Confessed Judgment Promissory Notes, the Courts would enter the requested Confessed Judgment.  And when this occurred, Andrews & Lawrence and the Defendant Attorneys would use the Confessed Judgment Promissory Notes and related Confessed Judgments to garnish wages, bank accounts and other property of the consumers.

64.    In other instances, the Court would deny the request for entry of Confessed Judgment, specifically noting that the Notes upon which the Complaint for Confessed Judgments was based were evidence of and/or arose from a consumer transaction, in violation of Maryland's CPA.

65.    Even when the Court denied the request for entry of Confessed Judgment, Andrews & Lawrence and the Defendant Attorneys would persist in their collection efforts

16

against the consumer using the illegal and unenforceable Confessed Judgment Promissory Notes as the basis for their continued action on behalf of the HOAs and other Creditor Clients.

66.    In cases where the Court denied Andrews & Lawrence's request for entry of Confessed Judgment because the Confessed Judgment Promissory Note evidenced or arose from consumer transaction as to which a confessed judgment is prohibited, Andrews & Lawrence and the Defendant Attorneys would forum shop and file a new action for Confession of Judgment – using the ***same*** Confessed Judgment Promissory Note –  in a different county, typically a county with which the consumer had no connection or relation.

67.    Regardless, Andrews & Lawrence and the Defendant Attorneys do not disclose to the Court in the second county that the Confessed Judgment was already denied by a Maryland Judge in another jurisdiction. Instead, Andrews & Lawrence and the Defendant Attorneys defraud the Court by filing the same Complaint twice, hoping the Court in the second county will merely rely upon Andrews & Lawrence's and the Defendant Attorneys' representations, will look less carefully at the Confessed Judgment Promissory Note and will take their attestations that the instrument does not arise from a consumer transaction as to which a Confessed Judgment is prohibited at face value.   In regard, the Defendants' scheme to cheat consumers has been successful.

68.    Andrews & Lawrence and the Defendant Attorneys will continue using Confessed Judgment Promissory Notes to collect the debts allegedly owed by the Named Plaintiffs and Class Members until the Court enters a declaratory judgment declaring that Andrews & Lawrence and the HOAs are not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon the void judgments.

69.    Named Plaintiffs and the Plaintiff Class suffered actual and emotional damages from Andrews & Lawrence's abusive and fraudulent practices on behalf of the HOAs and other

Creditor Clients and are entitled to repayment for all payments made pursuant to the illegal

Confessed Judgment Promissory Notes and Confessed Judgments.

## Civil Racketeer Influenced and Corrupt
## Organizations ("RICO") Summary

70.    At all relevant times to this Complaint, Andrews & Lawrence and the Defendant

Attorneys formed an association-in-fact with the HOAs, sales finance companies, other Client

Creditors (collectively "Creditor Clients") and each other, to create an enterprise for the purpose

of defrauding the Plaintiffs.

71.    Andrews & Lawrence, acting as an agent and debt collector for the HOAs and

other Creditor Clients, on behalf of the enterprise, developed and conspired to implement

fraudulent schemes, to use Confessed Judgment Promissory Notes arising from consumer

transactions against the Plaintiffs and the Plaintiff Class in violation of Maryland, Federal and

Common Law.

72.    In connection with the activities giving rise to this action, Andrews & Lawrence

acted with malice, intent and knowledge, and with a wanton disregard for the rights of Plaintiffs

and other consumers.

73.    Andrews & Lawrence and the Defendant Attorneys had actual knowledge that the

Confessed Judgment Promissory Notes were illegal because various Court in Maryland had

already held that such Notes arise from consumer transactions and/or evidence consumer debt

(and thus are in violation of the Maryland CPA).   Moreover, the Defendant Attorneys are

members of the Maryland Bar and charged with knowledge of the law.  Nonetheless, in order to

carry out their scheme, Andrews & Lawrence and the Defendant Attorneys routinely and

consistently ignored these Orders.

74.     Despite the multiple Court Orders denying entry of Confessed Judgments, Andrews & Lawrence and the Defendant Attorneys continue to use the Notes to collect on the alleged debts and in some cases attempts to circumvent the decisions of the Court and refile using the same illegal Notes in different counties.

75.     At all times, Andrews & Lawrence and the Defendant Attorneys as part of their enterprise's regular way of doing business, used the Confessed Judgment Promissory Notes to collect income from consumers and reinvested the illicit funds in their enterprise, with the specific intent to deceive and defraud the Plaintiffs and the Plaintiff Class for personal gain.

76.     Andrews & Lawrence and the Defendant Attorneys, through their enterprise, engaged in interstate commerce in that, *inter alia*, the Confessed Judgment Promissory Notes set forth in this Complaint were consummated in Maryland, but the collection efforts follow consumers until the alleged underlying consumer debts are satisfied.   Typically, the term of the Notes exceeded three (3) years.    Many of the Notes used by the Defendants to collect the alleged consumer debts are still open as of the filing of this Amended Complaint and there is a distinct threat of long-term continuation of the racketeering activity.

77.     At all relevant times herein, in connection with the activities giving rise to this action, Andrews & Lawrence and the Defendant Attorneys conspired with the HOAs, other Creditor Clients and each other to engage in the various activities set forth herein, agreed to participate in the operation of the conspiracy and schemes to defraud Plaintiffs and other consumers, and aided and abetted in these activities, all as proscribed by Maryland statutes, Common Law and Federal Law.

78.     In order to carry out their scheme to cheat consumers, Andrews & Lawrence and the Defendant Attorneys made substantial use of the U.S. Mail system. On numerous occasions they used, and caused to be used, mail depositories of the United States Postal Service by both

placing and causing to be placed mailable matters in said depositories in violation of 18 U.S.C. §

1341. In particular, as further described below, Andrews & Lawrence and the Defendant

Attorneys engaged in multiple and continuous acts of mail fraud and utilized the U.S. Mails, *inter*

*alia*, to:

- File the Confessed Judgment Complaints with Maryland Courts;
- Send correspondence and other communications to Plaintiffs and Class members;
- Mail account statements to Plaintiffs and Class Members;
- Serve Writs of Garnishments and other legal papers on third parties in furtherance of the scheme; and
- File motions and other legal papers with the Courts in Maryland.

79.     In order to carry out their scheme to cheat consumers, Andrews & Lawrence also

made substantial use of wires and electronic transmissions in violation of 18 U.S.C. § 1343.  In

particular, as further described below, Andrews & Lawrence engaged in multiple and continuous

acts of wire fraud and utilized wires, *inter alia*, to:

- Email correspondence and Court documents to Plaintiffs and Class members;
- File Court documents by electronic transmission or over the internet;
- Send account statements to Plaintiffs and Class members; and
- Place telephone calls to Plaintiffs and Class members.

80.     Each such use of the U.S. Mails and/or wires was in furtherance of the fraudulent

scheme described herein.

81.     In each instance, Andrews & Lawrence and the Defendant Attorneys used the

U.S. Mails and/or wires to send fraudulent material indicating the validity of the Confessed

Judgment Promissory Notes upon which Andrews & Lawrence and the Defendant Attorneys

intended the recipients to rely, and in each instance the recipients did rely on the fraudulent

material.

82.     The co-conspirators repeated this pattern – that is, the use of the U.S. Mails

and/or wires in furtherance of their fraudulent scheme in interstate commerce in connection

with hundreds or thousands of similar transactions.  Each such use of the U.S. Mails and/or wires in connection with the schemes and artifices to defraud constituted the offense of mail and/or wire fraud as proscribed and prohibited by 18 U.S.C. §§ 1341 and/or 1343.

83.     These uses of the U.S. Mails and/or wires to further the fraudulent schemes were not limited to the transactions of the Named Plaintiffs, but also occurred in the transactions of each member of the Class.  Each member of the Class signed a Confessed Judgment Promissory Note and Andrews & Lawrence used the U.S. Mails/and or wires in furtherance of its collection efforts on the illegal Confessed Judgment Promissory Note.   The co-conspirators repeated this pattern – that is, the use of the U.S. Mails and/or wires in furtherance of the schemes – in hundreds or thousands of similar Confessed Judgment Promissory Note transactions.  These acts were related, as they had the similar purpose of using and collecting on illegal Confessed Judgment Promissory Notes arising from consumer transactions.

84.     Andrews & Lawrence's enterprise has operated continuously from or before 2009 to the present and affected hundreds if not thousands of consumers.  Andrews & Lawrence participated and engaged in the enterprise, functioned as continuing units identifiable over a period of time, and were involved in Confessed Judgment Promissory Note transactions on behalf of HOAs and other Creditor Clients against the Named Plaintiffs and other members of the Class, over a period spanning nearly 10 years and involving hundreds or thousands of consumer transactions.  Andrews & Lawrence's use of the U.S. Mails and wires as described herein constitute multiple instances of mail and wire fraud and further constitute a pattern of racketeering activity.

85.     For their part, the HOAs and Creditor Clients played a distinct but critical and necessary role in the racketeering scheme.  In particular, the HOAs and Creditor Clients served as the "Payee" and "Mortgagee" on each of the Confessed Judgment Promissory Notes and

received at least a portion of each payment made by Named Plaintiffs and the Class.   Moreover, at all times, HOAs and Creditor Clients each knew or had reason to know that Named Plaintiffs and the Class are consumers and that the alleged debt evidenced by the Notes is consumer in nature.   Nonetheless, the HOAs and other Creditors hired, encouraged, incited and aided and abetted Andrews & Lawrence and the Defendant Attorneys to force the Class into signing the Confessed Judgment Promissory Notes.  Without their participation in the enterprise, the racketeering scheme could not have succeeded.

86.     If the Plaintiffs and Class Members had then suspected that Andrews & Lawrence were part of a racketeering enterprise and were using the Confessed Judgment Promissory Notes to facilitate the fraudulent schemes described herein, at the expense of the Plaintiffs and Class Members, they would have refused to conduct business with Andrews & Lawrence and their enterprise, would not have entered into the Confessed Judgment Promissory Notes, and would have sought to secure their rights under the law.

87.     Plaintiffs and Class Members' injuries to their property were caused by Andrews & Lawrence and the Defendant Attorneys' continuous operation of their enterprise on behalf of the HOAs and other Creditor Clients.

88.     Plaintiff and Class Members made payments to Andrews & Lawrence based on invalid and illegal Confessed Judgment Promissory Notes, as a result of the patterns of racketeering activity described herein.

89.     The profits obtained through the fraudulent schemes were invested back into the enterprise and were split between the enterprise' members according to a prior written contract or other agreement.

## Facts Relating to the Named Plaintiffs

### Cumanda Cisneros

90.     On or about April 2016, Andrews & Lawrence and the Defendant Attorneys, acting as the agent for the Goshen Run, contacted Ms. Cisneros seeking to recover allegedly unpaid HOA dues.

91.     At that time, Andrews & Lawrence and the Defendant Attorneys threatened to file a lawsuit against Ms. Cisneros to recover the unpaid balance if she did not sign an instrument evidencing her agreement to repay the entire amount of $8,733.97.

92.     At all times relevant to this Complaint, Andrews & Lawrence, the Defendant Attorneys and Goshen Run knew or had reason to know that the monies they claim were owed by Ms. Cisneros to Goshen Run were evidence of or arose from a consumer transaction and/or debt.

93.     Andrews & Lawrence, and the Defendant Attorneys and Goshen Run know or have reason to know that, from the time that she purchased the home until the time she signed the Confessed Judgment Promissory Note, Ms. Cisneros had used her home primarily for personal, household, family or agricultural purposes.

94.     Unpaid HOA dues qualify as a consumer debt because they are incurred for personal and/or household purposes as a result of purchasing a home subject to the rules and restrictions of a homeowner's association.

95.     Regardless, Andrews & Lawrence presented Ms. Cisneros with its standard Confessed Judgment Promissory Note that outlined a payment plan for repayment of the alleged consumer debt.   The Confessed Judgment Promissory Note also included a clause that appointed attorneys from Andrews & Lawrence as her own attorneys to confess judgment against

her in the event that she missed a single payment under the instrument, waiving all of Ms.

Cisneros' rights and defenses in Court:

> D. **<u>Confession of Judgment:</u>**
> Upon Default, the undersigned, CUMANDA CISNEROS, hereby empowers and authorizes any attorney to appear for the undersigned in any court within the United States of America or elsewhere, and confess judgment, or a series of judgments, against the undersigned in favor of GOSHEN RUN HOMEOWNERS ASSOCIATION, INC., for such amounts as may be due and owing hereunder, including the costs of the proceeding and twenty percent (20%) of the outstanding balance as attorney's fees, or such amount as the court shall deem reasonable.

96.    Ms. Cisneros' Confessed Judgment Promissory Note is attached hereto as

**Exhibit B**.

97.    Andrews & Lawrence also impliedly and in fact represented to Ms. Cisneros that

the Confessed Judgment Promissory Note was standard and legal. Ms. Cisneros reasonably relied

upon this representation to her detriment.   Prior to signing the Confessed Judgment Promissory

Note, Ms. Cisneros was not familiar with Confessed Judgments or their effect on her ability to

defend herself in court.

98.    Indeed, Ms. Cisneros is not fluent in English – she speaks Spanish as her native

language.  Regardless, the Defendants did not provide Ms. Cisneros with a translation of the

Confessed Judgment Promissory Note; nor did they provide Ms. Cisneros with an interpreter to

explain it.

99.    Upon information and belief, Andrews & Lawrence required hundreds of

consumers, if not more, to sign a substantially similar Confessed Judgment Promissory Note

which it used to collect debts.

100.    Feeling as though she had no other option, Ms. Cisneros signed the Confessed

Judgment Promissory Note on April 11, 2016, and began to make the payments outlined in it.

101.    At all times relevant to this Complaint Andrews & Lawrence knew or had reason to know that the form Confessed Judgment Promissory Note that they required consumers to sign was impermissible in Maryland and is otherwise an unfair, abusive, or deceptive trade practice prohibited by the Maryland General Assembly.

102.    Regardless, Andrews & Lawrence used the Confessed Judgment Promissory Note to force and coerce Ms. Cisneros to pay over $2,000 on the alleged consumer debt.

103.    On June 20, 2016, Andrews & Lawrence, by and through its principals, Defendant Attorneys Lawrence and Andrews, used the Confessed Judgment Promissory Note to file a Complaint for Confessed Judgment against Ms. Cisneros in the District Court of Maryland for Montgomery County.  The Complaint requested a principle amount of $5,594.17, $46 in costs and $300 in attorney's fees.

104.    Attorney Andrews (acting as attorney for Goshen Run) and Attorney Lawrence (acting as attorney for Ms. Cisneros) signed the Complaint for Confessed Judgment attesting that:

- The instrument does not evidence or arise from a consumer loan as to which a confessed judgment clause is prohibited by Code, Commercial Law Article, §12-311(b).
- The instrument does not evidence or arise from a consumer transaction as to which a confessed judgment cause is prohibited by Code, Commercial Law Article, §13-301.

105.    The Defendant Attorneys and Andrews & Lawrence each knew or should have known that Andrews and Lawrence's attestations to the Court were untrue, false and deceptive. At all times relevant to this Complaint the Defendant Attorneys and Andrews & Lawrence were each well aware that the Confessed Judgment Promissory Note evidenced an alleged consumer debt that arose from a consumer transaction.

106.    Based upon the Defendant Attorneys' false and untrue representations to the Court, the District Court of Maryand for Montgomery County entered a Confessed Judgment against Ms. Cisneros, on July 15, 2016, for a principle amount totaling $5,594.17 and attorneys' fees totaling $300.

107.    Because the Confessed Judgment Promissory Note waived all of Ms. Cisneros' rights to contest the validity of the alleged debt owed to the Goshen Run, and appointed Attorney Lawrence – an agent or employee of Andrews & Lawrence – to represent Ms. Cisneros' interests in Court, Ms. Cisneros was unaware of the Confessed Judgment entered against her.

108.    Although Attorney Lawrence entered her appearance as the attorney representing Ms. Cisneros in respect of the Complaint for Confessed Judgment, Attorney Lawrence never contacted Ms. Cisneros about the Complaint for Confessed Judgment; nor did Attorney Lawrence speak with Ms. Cisneros about the allegations set forth in the Complaint for Confessed Judgment; nor did Attorney Lawrence assert any defenses on behalf of Ms. Cisneros in respect of the Confessed Judgment Action.

109.    In furtherance of the scheme to cheat Ms. Cisneros and to deny her any ability ever to contest the validity of the illegal Judgment entered against her, Andrews & Lawrence intentionally failed to serve the Confessed Judgment on Ms. Cisneros.  In fact, Andrews & Lawrence intentionally failed to serve a copy of the Confessed Judgment on Ms. Cisneros until ***after*** this lawsuit was filed.

110.    The delay in serving Ms. Cisneros was in furtherance of the scheme to deny Ms. Cisneros any ability to go to Court to challenge the validity of the Confessed Judgment entered against her.

111.    Nonetheless, up to the date of the filing of this Amended Complaint, Defendant Andrews & Lawrence continues to use the Confessed Judgment Promissory Note to demand payment from Ms. Cisneros.

112.    Using the Confessed Judgment obtained as a result of the illegal Confessed Judgment Promissory Note, Andrews & Lawrence – even though it had not served Ms. Cisneros with the Judgment, thus denying her any ability to challenge the illegal Confessed Judgment – also served Writs of Garnishments on Ms. Cisneros' banks in an effort to collect on the alleged debt. Andrews & Lawrence never served Ms. Cisneros with notice of the Writs of Garnishment.

113.    In furtherance of the scheme to cheat alleged herein, Andrews & Lawrence used the U.S. Mails and wires on multiple occasions to place telephone calls to Ms. Cisneros and send mailable material to Ms. Cisneros, Ms. Cisneros' financial institutions and the Court.

114.    Specifically, Andrews & Lawrence sent the following material through the U.S. Mails and/or wires:

- On or about July 1, 2016, Andrews & Lawrence used the U.S. Mail to mail the Complaint for Confession of Judgment to the District Court of Maryland for Montgomery County at 191 East Jefferson Street Rockville, MD 20850.
- On or about September 7, 2016, Andrews & Lawrence used the U.S. Mail to mail the Writ of Garnishment on Wages/Property to PNC Bank, 4100 West 150th Street Cleveland, OH 44135
- On or about March 27, 2017, Andrews & Lawrence, through its agent, used the U.S. Mail to mail a notice of intention to file a lien, first class, postage prepaid, to Ms. Cisneros at 19606 Labelle Court Gaithersburg Court, Gaithersburg, MD 20879.
- On or about June 7, 2017, Andrews & Lawrence used the U.S. Mail to mail a letter indicating an unpaid balance on the Confessed Judgment Promissory Note, a request for payments, and a Statement of Account, to Ms. Cisneros at 19606 Labelle Court Gaithersburg Court, Gaithersburg, MD 20879.

115.    After Ms. Cisneros was finally served with the Confessed Judgment, she filed a Motion to Vacate Judgment and/or to Stay in the District Court for Maryland.

116.    The District Court vacated the Confessed Judgment entered against her, finding that the Confessed Judgment Promissory Note arose from a consumer transaction as to which a Confessed Judgment is prohibited by the CPA, Md. Code Ann., Comm. § 13-301. See **Exhibit C** Tr. of March 19, 2018 hearing at 37:20-41:14.

117.    Once the Judgment was vacated the District Court allowed Andrews & Lawrence to amend its Complaint from a Confessed Judgment action to a contract action and proceed to trial against Ms. Cisneros. Ms. Cisneros appealed the District Court's decision and the appeal is now pending in the Montgomery County Circuit Court, *Goshen Run Home Owners Association, Inc. v. Cumanda Cisneros*, Case No. 9842D.

118.    Ms. Cisneros continues to pay the allegedly unpaid HOA dues and her current dues directly to Andrews & Lawrence. Andrews & Lawrence collects her payments, retains its alleged attorneys' fees and collections costs and then disburses the remaining amounts to Goshen Run.

119.    As a result of Andrews & Lawrence's use of the Confessed Judgment Promissory Note, Ms. Cisneros paid thousands of dollars pursuant to an illegal and unenforceable contract and suffered actual damages, emotional distress, mental anguish and other damages.

120.    As a result of the scheme to cheat alleged herein, and in addition to her financial damages, Ms. Cisneros endured severe emotional distress, had difficulty sleeping and suffered elevated stress levels.

### Maria Santizo

121.    On or about May 2016, Stonehedge directed Ms. Santizo to contact its agent, Andrews & Lawrence, to recover allegedly unpaid condominium association dues.

122.    At that time, Andrews & Lawrence informed Ms. Santizo that she had to sign an instrument evidencing her agreement to repay the entire alleged unpaid balance of $1,641.00.

123.    At all times relevant to this Complaint, Andrews & Lawrence, the Defendant Attorneys and Stonehedge knew or had reason to know that the monies claimed to be owed by Ms. Santizo were evidence of/or arose from a consumer transaction and/or debt.

124.    Andrews & Lawrence, the Defendant Attorneys and Stonehedge know or have reason to know that, from the time that she purchased the condominium through the present, Ms. Santizo has lived in the condominium with her family. During this period, Ms. Santizo has used the condominium primarily for personal, household, family or agricultural purposes.

125.    Unpaid HOA dues qualify as a consumer debt because they are incurred for personal and/or household purposes as a result of purchasing a home subject to the rules and restrictions of a condominium association.

126.    Regardless, Andrews & Lawrence presented Ms. Santizo with its standard Confessed Judgment Promissory Note that outlined a payment plan for repayment of the alleged consumer debt.   The Confessed Judgment Promissory Note also included a clause that appointed attorneys from Andrews & Lawrence as her own attorneys to confess judgment against her in the event that she missed a single payment under the instrument, waiving all of Ms. Santizo's rights and defenses in Court:

> D. **Confession of Judgment:**
> Upon Default, the undersigned, MARIA SANTIZO AND LUIS A. SANTIZO, hereby empowers and authorizes any attorney to appear for the undersigned in any court within the United States of America or elsewhere, and confess judgment, or a series of judgments, against the undersigned in favor of STONEHEDGE CONDOMINIUM, INC., for such amounts as may be due and owing hereunder, including the costs of the proceeding and twenty percent (20%) of the outstanding balance as attorney's fees, or such amount as the court shall deem reasonable.

127.    Ms. Santizo's Confessed Judgment Promissory Note, which is also signed by Ms. Santizo's father, Luis, is attached hereto as **Exhibit D**.

128.    Andrews & Lawrence also impliedly and in fact represented to Ms. Santizo that the Confessed Judgment Promissory Note was standard and legal. Ms. Santizo reasonably relied upon this representation to her detriment.   Prior to signing the Confessed Judgment Promissory Note Ms. Santizo was not familiar with Confessed Judgments or their effect on her ability to defend herself in court.

129.    Upon information and belief, Andrews & Lawrence required hundreds of consumers, if not more, to sign a substantially similar Confessed Judgment Promissory Note which it used to collect consumer debts.

130.    Because she felt as though she had no other choice, Ms. Santizo signed the Confessed Judgment Promissory Note on May 3, 2016, and began to make payments outlined in it.

131.    At all times relevant to this Complaint Andrews & Lawrence  and the Defendant Attorneys knew or had reason to know that the form Confessed Judgment Promissory Note that they required consumers to sign was impermissible in Maryland and was otherwise an unfair, abusive, or deceptive trade practice prohibited by the Maryland General Assembly.

132.     Regardless, Andrews & Lawrence used the Confessed Judgment Promissory Note to force and coerce Ms. Santizo to pay on the alleged consumer debt.

133.    On October 19, 2016, Andrews & Lawrence, by and through its principal, Attorney Lawrence – used the Confessed Judgment Promissory Note to file a Complaint for Confessed Judgment against Ms. Santizo in the District Court of Maryland for Montgomery County.  The Complaint requested a principle amount of $2,262.30, interest amounting to $130.10, and attorneys' fees amounting to $478.48 for a total of $2,870.88.

134.    Attorney Lawrence (acting as attorney for the Stonehedge) signed the Complaint for Confessed Judgment attesting that:

- The instrument does not evidence or arise from a consumer loan as to which a confessed judgment clause is prohibited by Code, Commercial Law Article, §12-311(b).
- The instrument does not evidence or arise from a consumer transaction as to which a confessed judgment cause is prohibited by Code, Commercial Law Article, §13-301.

135.    Attorney Lawrence and Andrews & Lawrence knew or should have known that Attorney Lawrence's attestations to the Court were untrue, false and deceptive. At all times relevant to this Complaint, Attorney Lawrence and Andrews & Lawrence were well aware that the Confessed Judgment Promissory Note evidenced an alleged consumer debt that arose from a consumer transaction and a consumer debt.

136.    On November 1, 2016, the District Court of Maryland for Montgomery County, upon reviewing the Complaint for Confession of Judgment and the underlying Confessed Judgment Promissory Note declined to enter a Confessed Judgment and instead dismissed the Complaint for failure to demonstrate a factual and legal basis for Stonehedge's entitlement to confess judgment. The Court's opinion is attached as **Exhibit E.**

137.    On November 11, 2016, Andrews & Lawrence and the Defendant Attorneys filed a Motion to Alter or Amend the Court's Order denying the Confessed Judgment on behalf of Stonehedge. The Court denied Stonehedge's Motion and Stonehedge appealed the case to the Circuit Court for Montgomery County on February 7, 2017.

138.    On June 22, 2017, the Honorable Karla N. Smith of the Circuit Court for Montgomery County, following a hearing and oral argument by the Defendant Attorneys, affirmed the District Court's denial of the Complaint for Confession of Judgment. Judge Smith's Opinion and Order, attached hereto as **Exhibit F**, affirmed the District Court's Order, finding that the Confessed Judgment Promissory Note underlying the Complaint violated the CPA.

139.    On July 3, 2017, approximately two weeks after the Circuit Court for Montgomery County affirmed the District Court for Montgomery County's denial of Confessed Judgment, Andrews & Lawrence, Attorney Lawrence and Stonehedge filed a virtually identical Confessed Judgment Complaint against Ms. Santizo, based on the **same** illegal Confessed Judgment Promissory Note, in the District Court of Maryland for Charles County.  See **Exhibit G**. [1]

140.    Ms. Santizo does not live, work or have any connection to Charles County.  Nor is Stonehedge (the plaintiff in the Charles County action) located in Charles County, Maryland. In filing the second Santizo Confessed Judgment Action in Charles County, Defendants Andrews & Lawrence, Attorney Lawrence and Stonehedge engaged in forum shopping.

141.    Equally as troublesome, however, in filing the second Santizo Confessed Judgment Action in Charles County, Defendants Andrews & Lawrence, Attorney Lawrence and Stonehedge failed to disclose and intentionally withheld ***from the Court*** the fact that the Circuit Court for Montgomery County had already held that Ms. Santizo's Confessed Judgment Promissory Note arose from a consumer debt.  They also withheld from the Court in the second Santizo Confessed Judgment Action the fact that the Circuit Court for Montgomery County had also entered final judgment against Stonehedge.

142.    In doing so, Defendants Andrews & Lawrence and Attorney Lawrence knew or should have known that they owed a duty of candor to the Court and to Ms. Santizo to disclose such information.

143.    In the second Santizo Confessed Judgment Action filed in Charles County, Andrews & Lawrence requested an additional $1,441 in principal, $344.33 in interest, and

---

[1] Exhibit G does not include the Affidavit Establishing the Right to Attorneys' Fees, the Non-Military Affidavit  and other documents filed with the Complaint.

$357.06 in attorney' fees than they had in their failed Montgomery County filing for Ms.
Santizo's alleged breach of the same illegal Confessed Judgment Promissory Note.

144.    Attorney Lawrence (again acting as attorney for the Stonehedge) signed the
Complaint for Confessed Judgment attesting that:

- The instrument does not evidence or arise from a consumer loan as to which a
  confessed judgment clause is prohibited by Code, Commercial Law Article, §12-
  311(b).
- The instrument does not evidence or arise from a consumer transaction as to
  which a confessed judgment cause is prohibited by Code, Commercial Law
  Article, §13-301.

145.    Defendant Attorney Lawrence and Andrews & Lawrence knew that Attorney
Lawrence's attestations to the Court were untrue, false and deceptive. Not even two weeks
earlier, the Circuit Court for Montgomery County specifically found that the underlying Note
did **NOT** comply with the required attestations and did **NOT** entitle Andrews & Lawrence or
Stonehedge to confess judgment.

146.    In reliance upon Attorney Lawrence's false, misleading and untrue
representations to the Court, the District Court for Charles County entered a Confessed
Judgment against Ms. Santizo, on July 3, 2017.

147.    Once Andrews & Lawrence successfully obtained a Confessed Judgment by
deception in Charles County on behalf of Stonehedge, Andrews & Lawrence then filed a request
for transmittal of the judgment to the to the District Court of Montgomery County for execution
purposes.

148.    Immediately after the Charles County Judgment was transmitted to Montgomery
County,  Defendants Andrews & Lawrence, Attorney Lawrence and Stonehedge recorded a lien
on Ms. Santizo's property and garnished her bank accounts.  As part of the scheme alleged in this

Amended Complaint, neither Defendants Andrews & Lawrence, Attorney Lawrence nor

Stonehedge advised or otherwise notified Ms. Santizo about these Court filings.

149.    In furtherance of the scheme to cheat alleged herein, Andrews & Lawrence used

the U.S. Mails and wires on multiple occasions to place telephone calls to Ms. Santizo and send

mailable material to Ms. Santizo, Ms. Santizo's financial institutions and the Court.

150.    Specifically, Andrews & Lawrence sent the following material through the U.S.

Mails and/or wires:

- On or about October 6, 2016, Andrews & Lawrence mailed by U.S. Mail the Complaint for Confession of Judgment to the District Court of Maryland for Montgomery County located at 191 East Jefferson Street Rockville MD 20850.
- On or about November 14, 2016, as stated in the certificate of service filed with the Court,  Defendant Attorney Andrews mailed by U.S. Mail a copy of Plaintiff's Motion to Alter or Amend Order Denying Confessed Judgment and Dismissing Action and Stonehedge Condominium's Memorandum of Law in Support of its Motion to Alter or Amend to Ms. Santizo at 1814 Bronzegate Blvd. Silver Spring, Maryland 20904.
- On or about July 3, 2017, Andrews & Lawrence electronically filed a Complaint for Confessed Judgment in the District Court for Charles County, Maryland.
- On or about February 2, 2017, as stated in the certificate of service filed with the Court, Defendant Attorney Andrews mailed by U.S. Mail a copy of the Civil Appeal/Request for transcript to Ms. Santizo at 1814 Bronzegate Blvd. Silver Spring, Maryland 20904.
- On or about July 19, 2017 Andrews & Lawrence mailed by U.S. Mail the Request for Transmittal of Judgment to the District Court of Maryland for Montgomery County located at 8552 2nd Ave, Silver Spring, Maryland 20910
- On or about July 21, 2017, as stated in the certificate of service filed with the Court, a copy of the Request for Transmittal of Judgment was served by mailing first class mail, postage prepaid on Ms. Santizo at1814 Bronzegate Blvd. Silver Spring MD 20904

151.    Ms. Santizo continues to pay the allegedly unpaid HOA dues and her current

dues directly to Andrews & Lawrence. Andrews & Lawrence collects her payments, retains its

alleged attorneys' fees and collections costs and then disburses the remaining amounts to

Stonehedge.

152.    As a result of Andrews & Lawrence's use of the Confessed Judgment Promissory Note, Ms. Santizo paid over a thousand dollars pursuant to an illegal and unenforceable contract and suffered actual, emotional distress, mental anguish and other damages.

153.    As a result of the scheme to cheat alleged herein, and in addition to her financial damages, Ms. Santizo endured severe emotional distress, had difficulty sleeping and suffered elevated stress levels.

### Andrews & Lawrence's Use of Confessed Judgment Promissory Notes Is Not Limited to the Named Plaintiffs

154.    The facts and circumstances of the Named Plaintiffs are neither unique nor isolated.  Indeed, Andrews & Lawrence have used Confessed Judgment Promissory Notes to collect consumer debts for nearly a decade.

155.    Upon information and belief, Andrews & Lawrence, acting as debt collectors and agents for the HOAs and other Creditor Clients, have coerced and/or required hundreds, if not thousands, of consumers to sign the Confessed Judgment Promissory Notes challenged by this Complaint.

### CLASS ACTION ALLEGATIONS

156.    Named Plaintiffs bring this action on behalf of a Class which consists of:

All consumers who signed a promissory note containing a confessed judgment clause that was used by Andrews & Lawrence to collect a consumer debt.

157.    The Class, as defined above, is identifiable.  The Named Plaintiffs are members of the Class.

158.    The Class is so numerous that joinder of all members is impracticable.

159.    There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual class members.  The common and predominating questions include, but are not limited to:

    a.  Whether Andrews & Lawrence employed unfair and unconscionable means to collect a debt by including a Confessed Judgment clause in a promissory note that arises out of a consumer transaction.

    b.  Whether Andrews & Lawrence made false and misleading representations about the legality and enforceability of the Confessed Judgment Promissory Notes.

    c.  Whether Andrews & Lawrence collected payments pursuant to illegal Confessed Judgment Promissory Notes.

    d.  Whether Andrews & Lawrence's actions constitute violations of the Fair Debt Collection Practices Act.

    e.  Whether Andrews & Lawrence claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist in their dealings with Named Plaintiffs and Class Members.

    f.  Whether a declaratory judgment is proper to prevent Andrews & Lawrence and the HOAs from continuing to use Confessed Judgment Promissory Notes in violation of Maryland and Federal Law.

    g.  Whether a declaratory judgment is proper to declare that Andrews & Lawrence and the HOAs are not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment, will alleviate all uncertainty in this proceeding.

    h.   Whether Andrews & Lawrence and the Defendant Attorneys formed an association-in-fact with the HOAs, sales finance companies and other creditors, including Goshen Run and Stonehedge, which constitute an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a), which enterprise was engaged in, and the activities of which affect, interstate commerce.

    i.   Whether Andrews & Lawrence used proceeds derived from a pattern of racketeering activity under 18 U.S.C. §§ 1961(1) and (5) to acquire an interest in, establish, and operate the enterprise.

    j.   Whether Andrews & Lawrence committed multiple instances of mail and/or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, which occurred uniformly and consistently during the existence of the "enterprise" and permitted Defendants to maintain and operate it.

    k.   Whether Andrews & Lawrence and the HOAs violated RICO.

    l.   Whether the HOAs violated the CPA.

    m.   Whether Andrews & Lawrence committed fraud.

    n.   Whether Andrews & Lawrence violated the MCDCA.

    o.   Whether Andrews & Lawrence negligently misrepresented the validity of the Confessed Judgment Promissory Notes to the Plaintiffs and the Class.

    p.   Whether Named Plaintiffs and the Class may recover damages.

160.   The claims of Named Plaintiffs are typical of the claims of the respective Members of the Class within the meaning of Md. Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of the Defendants.

161.   Named Plaintiffs will fairly and adequately protect the interests of the Class within the meaning of Md. Rule 2-231(a)(4). Named Plaintiffs are committed to vigorously litigating this

matter.  Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

162.    Neither Plaintiffs nor Plaintiffs' counsel has any interests that might cause them not to vigorously pursue this claim.

163.    The prosecution of separate actions by individual Members of the Class would create a risk of establishing incompatible standards of conduct for the Defendants within the meaning of Md. Rule 2-231(b)(1)(A).

164.    The Defendants' actions are generally applicable to the respective Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole within the meaning of Md. Rule 2-231(b)(2).

165.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(b)(3).

166.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

167.    Plaintiffs' counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Debt Collection Practices Act
15 U.S.C. 1692f
(against Andrews & Lawrence and the Defendant Attorneys)

168.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

169.    Andrews & Lawrence and each of the Defendant Attorneys are "debt collectors" within the meaning of 15 U.S.C.A. § 1692a(6).

170.    The use of a Confessed Judgment clause in a contract arising from or evidencing a consumer transaction is unfair or unconscionable within the meaning of 15 U.S.C. § 1692f.

171.    Andrews & Lawrence coerced and/or required Plaintiffs and Class Members to sign Confessed Judgments Promissory Notes evidencing or arising from consumer transactions and consumer debts.

172.    Andrews & Lawrence used the Confessed Judgment Promissory Notes to collect hundreds of thousands of dollars from Plaintiffs and Class Members.

173.    Andrews & Lawrence had actual knowledge that the Confessed Judgment Promissory Notes were illegal because: (1) the Defendant Attorneys are members of the Maryland Bar and thus are charged with knowledge of the laws of Maryland and (2) Courts in Maryland have denied many of Andrews & Lawrence's previous Complaints for Confession of Judgment in the past as violating the Maryland Consumer Protection Act, Md. Code Ann., Comm. § 13-301 *et seq.*

174.    The Confessed Judgment Promissory Notes are illegal instruments and cannot toll the statute of limitations for the debts evidenced within them. Thus, Named Plaintiffs and the Class Members do not actually owe the amounts Andrews & Lawrence is collecting.

175.    As a result of Andrews & Lawrence's failure to comply with the Fair Debt Collection Practices Act, Plaintiffs and the Class suffered actual loss and other damages.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Award Plaintiffs actual damages as provided for in the FDCPA, 15 U.S.C. §1692k(a)(1), in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.    Award Plaintiffs statutory damages as provided for in the FDCPA, 15 U.S.C. §192k(a)(2);

C.    Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.    Award pre-judgment interest;

E.    Award Plaintiffs reasonable costs and attorney's fees; and

F.    Award Plaintiffs such other and further relief as the Court deems just and proper.

**<u>Count II</u>**
**Violation of the Fair Debt Collection Practices Act**
15 U.S.C. §1692e
(against Andrews & Lawrence and the Defendant Attorneys)

176.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

177.    Andrews & Lawrence and the Defendant Attorneys' representations and actions with respect to the collection of consumer debts from the Plaintiffs and Class were false, deceptive, and misleading.

178.    Using a contract related to a consumer transaction which contains a Confessed Judgment clause that waives the consumer's right to assert a legal defense to an action is an action that cannot legally be taken under Commercial Law Article, §13-301, as defined by 15 U.S.C. §1692e.

40

179.    The Confessed Judgments Promissory Notes that the Plaintiffs and Class Members signed are contracts related to consumer transactions that contain Confessed Judgment clauses that waive consumer's rights to assert legal defenses.

180.    Andrews & Lawrence made false and misleading representations to Named Plaintiffs and Class members – including but not limited to the representation that the Confessed Judgments Promissory Notes are legal, proper and enforceable – in order to induce Plaintiff and Class Members to sign the Confessed Judgments Promissory Notes.

181.    Andrews & Lawrence made false and misleading representations to the Court including but not limited to the representation that the Confessed Judgment Promissory Notes are legal, proper and enforceable and that the affidavit contained within the Complaints for Confession of Judgment was true and accurate.

182.    Andrews & Lawrence also made false and misleading representations to Court when they refiled the same Confessed Judgment Promissory Notes that had been denied in a different county without disclosing the denial.

183.    Andrews & Lawrence threatened to, and did take an action that cannot legally be taken when they used the Confessed Judgment Promissory Notes to collect money and obtain Confessed Judgments against Plaintiffs and Class members.

184.    Any monies paid by Plaintiffs and Class Members that resulted from Andrews & Lawrence's use of the illegal Confessed Judgment Promissory Notes, constitute actual damages and must be repaid to Plaintiffs by the Andrews & Lawrence pursuant to the FDCPA.

185.    As a result of Andrews & Lawrence's failure to comply with §1692e and use of an illegal Confessed Judgment Promissory Note, Plaintiff and the Class suffered actual losses and other damages.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.      Award Plaintiffs actual damages as provided for in the FDCPA, 15 U.S.C. §1692k(a)(1), in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.      Award Plaintiffs statutory damages as provided for in the FDCPA, 15 U.S.C. §192k(a)(2);

C.      Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.      Award pre-judgment interest;

E.      Award Plaintiffs reasonable costs and attorney's fees; and

F.      Award Plaintiffs such other and further relief as the Court deems just and proper.

**<u>Count III</u>**
**Maryland Declaratory Judgment Act**
Md. Code Ann., Cts. & Jud. Proc., § 3-409
(against All Defendants)

186.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

187.    An actual controversy exists between Named Plaintiffs, the Class, Andrews & Lawrence, the Defendant Attorneys and the HOAs.

188.    Antagonistic claims are present between Named Plaintiffs, the Class, Andrews & Lawrence, the Defendant Attorneys, and the HOAs which indicate imminent and inevitable litigation.

189.    Plaintiffs and the Class assert that the Confessed Judgment Promissory Notes are illegal, unfair, abusive or deceptive and in conflict with the essential public policy of the State of Maryland and thus, void *ab initio*.

190.    Plaintiffs and Class Members also assert that any Confessed Judgments obtained against Plaintiffs and Class Members, based upon the illegal Confessed Judgment Promissory Notes, were illegally obtained and unenforceable, and thus, void *ab initio*.

191.    A declaratory judgment that establishes the illegality of the Confessed Judgment Promissory Notes and any Court Judgment entered based upon it, will alleviate all uncertainty in this proceeding.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Issue a declaratory judgment declaring that:

1.  The collection of payments pursuant to the Confessed Judgment Promissory Notes is an unfair, unconscionable, and illegal practice under 15 U.S.C. §1692f.

2.   The Confessed Judgment Promissory Notes are void, illegal, unfair, abusive or deceptive and in conflict with the essential public policy of the State of Maryland and thus, Defendants may not collect upon the Confessed Judgment Promissory Notes and they are void *ab initio*.

3.  Any Confessed Judgments obtained against Plaintiff and Class members, based upon the illegal Confessed Judgment Promissory Notes, were illegally obtained and unenforceable, and thus, Defendants may not collect upon them and they are void *ab initio*.

**4.**  Award Plaintiffs such other and further relief as the Court deems just and

proper.

**<u>Count IV</u>**
**Violation of the Maryland Consumer Debt Collection Act**
Md. Code Ann., Comm. § 14-201 *et seq.*
(against Andrews & Lawrence and the Defendant Attorneys)

192.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the

Complaint.

193.    Andrews & Lawrence and the Defendant Attorneys are debt "collectors" as

defined in Md. Code Ann., Comm. § 14-201(b).

194.    The Confessed Judgment Promissory Notes arise from "consumer transactions" as

defined in Md. Code Ann., Comm. § 14-201(c).

195.    By using a contract related to a consumer transaction which contains a Confessed

Judgment clause that waives the consumer's right to assert a legal defense, Andrews & Lawrence

are claiming and enforcing a right with knowledge that the right does not exist as defined by Md.

Code Ann., Comm. § 14-202.

196.    Andrews & Lawrence knew or should have known that the Confessed Judgment

Promissory Notes violate the CPA and essential public policy of the State of Maryland and are

void *ab initio* because: (1) the Defendant Attorneys are members of the Maryland Bar and thus are

charged with knowledge of the laws of Maryland and (2) Courts in Maryland have denied many

of Andrews & Lawrence's previous Complaints for Confession of Judgment in the past as

violating the Maryland Consumer Protection Act, Md. Code Ann., Comm. § 13-301.

197.    Despite knowledge that the Confessed Judgment Promissory Notes are illegal,

unenforceable and void *ab initio*, Andrews & Lawrence used the illegal Confessed Judgment

44

Promissory Notes to enforce a right that does not exist and to collect monies from Plaintiffs and the Plaintiff Class.

198.    The Confessed Judgment Promissory Notes are illegal instruments and cannot toll the statute of limitations for the debts evidenced within them. Thus, the Class Members do not actually owe all, if any, of the amounts Andrews & Lawrence is collecting.

199.    Any monies paid by Plaintiffs and Class Members that resulted from the Andrews & Lawrence's use of the illegal Confessed Judgment Promissory Notes constitute actual damages and must be repaid to Plaintiffs by the Andrews & Lawrence pursuant to the MCDCA.

200.    As a result of the Andrews & Lawrence's failure to comply with the MCDCA and use of illegal Confessed Judgment Promissory Notes, Plaintiff and the Class suffered actual loss, emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Award Plaintiffs actual damages as provided for in Md. Code Ann., Comm. § 14-203, in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.    Award Plaintiffs damages for emotional distress or mental anguish suffered by Plaintiffs and the Class.

C.    Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.    Award pre-judgment interest; and,

E.    Award Plaintiffs such other and further relief as the Court deems just and proper.

45

**Count V**
**Racketeer Influenced and Corrupt Organizations (RICO)**
18 U.S.C.A. § 1962(a)
(Against All Defendants)

201.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the

Complaint.

202.    Each Named Plaintiff and each Class member is a "person" within the meaning of

18 U.S.C. §§ 1961(3) and 1964(c).

203.    Andrews & Lawrence, each Defendant Attorney, each HOAs and each

conspirator is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 18 U.S.C. 1962(a).

204.    Andrews & Lawrence and the Defendant Attorneys through contractual

arrangement and joint management activity, formed an association-in-fact with the Creditor

Clients, including but not limited to Goshen Run and Stonehedge, which constitutes an

"enterprise" engaged in illegal activities affecting interstate commerce pursuant to 18 U.S.C. §§

1961(4) and 1962(a).

205.    Andrews & Lawrence and each of the Defendant Attorneys acted as a principal,

within the meaning of 18 U.S.C.A. § 2, in a pattern of racketeering and collection of unlawful

debts.

206.    Each of the conspirators used proceeds derived from a pattern of racketeering

activity under 18 U.S.C. §§ 1961(1) and (5) to acquire an interest in, establish, and operate the

enterprise.

207.    These unlawful activities included multiple instances of mail and/or wire fraud in

violation of 18 U.S.C. §§ 1341 and 1343, which occurred uniformly and consistently during the

existence of the "enterprise" and permitted Andrews & Lawrence to maintain and operate them.

208.    The purpose of the enterprise created by the Andrews & Lawrence was to pool resources and expertise to coerce Plaintiffs and Class Members to sign illegal and unconscionable Confessed Judgment Promissory Notes and then to use the Confessed Judgment Promissory Notes to collect monies arising from alleged consumer debts (which the Defendants were not entitled to collect in this fashion) and to profit from the scheme at the expense of the consumers.

209.    The association-in-fact had a common or shared purpose, that is, to collect on alleged consumer debts using Confessed Judgment Promissory Notes, and had distinct divisions of labor.  The HOAs and other Creditor Clients, acquired the original consumer debts and Andrews & Lawrence and the Defendant Attorneys were employed to collect on the debts through the use of illegal Confessed Judgment Promissory Notes. The association has continued as a unit, with a core membership, over a substantial period of time, and is an ongoing organization established for an economic motive.  Although the membership in the enterprise may have changed, and some of the lawyers and/or HOAs, sales finance companies and other creditors may have been added into the enterprise over time, the structure of the organization and the functions undertaken by its members remained constant.  The association-in-fact remains viable and active at the time this action was filed.

210.    Andrews & Lawrence, the Defendant Attorneys, and the Creditor Clients including the HOAs each played a substantial and distinct role in the scheme.

211.    In the association-in-fact, Andrews & Lawrence and each Defendant Attorney agreed to work as an agent and debt collector for the HOAs, sales finance companies and/or other Creditor Clients, and use form Confessed Judgment Promissory Notes to collect on alleged consumer debts owed by the Named Plaintiffs and the Plaintiff Class.

212.    Each member of the Class was coerced to sign a Confessed Judgment Promissory Note that illegally purported to allow Andrews & Lawrence to use the Confessed Judgment

Promissory Note to collect payments on an alleged consumer debt on behalf of the Creditor Clients including the HOAs.

213.    All of the activities of the association-in-fact form a pattern, continuous in nature, which consists of numerous unlawful individual acts directed to the Named Plaintiffs and each Class member.  Andrews & Lawrence's illegal activities persisted over an extended period of time.  Each Confessed Judgment Promissory Note was presented to each Plaintiff in furtherance of the conspiracy for which Andrews & Lawrence are liable.  Plaintiffs' reliance on the validity of the Confessed Judgment Promissory Notes was reasonable and justified because the Andrews & Lawrence and the Defendant Attorneys' representations and statuses as a prominent law firm in the community would and did cause persons of ordinary experience to be convinced of the legality and legitimacy of the operations.

214.    The activities of Defendants entailed multiple instances of mail fraud consisting of intentional mail fraud intended to induce, and inducing, Plaintiffs and the Class to part with property and/or to surrender legal rights in violation of 18 U.S.C. § 1341.

215.    The activities of Andrews & Lawrence, the Defendant Attorneys and the HOAs also entailed multiple instances of wire fraud consisting of intentional wire fraud intended to induce, and inducing, Plaintiff and the Class to part with property and/or to surrender legal rights in violation of 18 U.S.C. § 1343.

216.    Defendants' multiple instances of mail fraud and wire fraud also were intended to represent to various Courts and Judges throughout the State of Maryland that the Complaints for Confession of Judgment, were commercial in nature and did not involve consumer transactions or consumer debts.   The Courts and Judges to whom these representations were made reasonably relied upon the representations (including but not limited to the false and untrue

48

attestations contained in the Complaints), and thus, in many instances entered the requested Confessed Judgment.

217.    Through the use of these illegal and fraudulent schemes, and through their efforts to operate and maintain the enterprise described herein, to maintain the conspiracy and to facilitate the use of Confessed Judgment Promissory Notes arising from consumer transactions, Andrews & Lawrence, the Defendant Attorneys and the HOAs, through their conspiracy have been able to retain money which is rightfully payable to Plaintiffs and Class Members, and to collect money not properly due from Plaintiffs or Class Members.

218.    Andrews & Lawrence, the Defendant Attorneys and the HOAs through their conspiracy retained these funds, gained illegally through the use and enforcement of Confessed Judgment Promissory Notes, and reinvested and used those funds in their operations in violation of 18 U.S.C. § 1962(a).

219.    Furthermore, the co-conspirators each previously acquired illicit funds through similar fraudulent operations involving mail and/or wire fraud and used said proceeds to continue their schemes by investing in and operating Andrews & Lawrence's enterprise with the HOAs, sales finance companies and other Creditors.

220.    Through the use of the illegal and fraudulent activities using Confessed Judgment Promissory Notes arising from consumer transactions, and through their efforts to operate and maintain the enterprise described herein, Andrews & Lawrence through their conspiracy have been able both to maintain the enterprise, and to profit from it at the expense of Plaintiffs and the Class.

221.    Plaintiffs and all Class Members have been injured by reason of the violations of §1962(a), because Plaintiffs and all Class members made payments on invalid and illegal Confessed Judgment Promissory Notes, as a result of the reinvestment and use of funds by

Andrews & Lawrence derived from the Defendants' pattern of racketeering activity to fund and operate their enterprise, and to facilitate and incentivize their conspiracies to use illegal Confessed Judgment Promissory Notes arising from consumer transactions.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.      Award Plaintiffs actual damages, as provided for in 18 U.S.C.A. § 1964, in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.      Award Plaintiffs treble damages;

C.      Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.      Award pre-judgment interest;

E.      Award Plaintiffs reasonable costs and attorney's fees; and

F.      Award Plaintiffs such other and further relief as the Court deems just and proper.

### **Count VI**
Racketeer Influenced and Corrupt Organizations (RICO)
18 U.S.C.A. § 1962(c)
(against All Defendants)

222.    Plaintiffs re-allege and incorporate by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

223.    Each Named Plaintiff and each Class Member is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

224.    Andrews & Lawrence, the Defendant Attorneys, the HOAs, and the co-conspirator Creditor Clients are each "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

225.    Andrews & Lawrence and the Defendant Attorneys, through contractual arrangement and joint management activity, formed an association-in-fact with the Creditor Clients, including but not limited to Goshen Run and Stonehedge, which constitutes an "enterprise" engaged in illegal activities affecting interstate commerce pursuant to 18 U.S.C. §§ 1961(4) and 1962(a).

226.    Andrews & Lawrence and the Defendant Attorneys were associated with the enterprise and participated in their management and operation by directing their affairs and by conducting business with the Creditor Clients, including but not limited to Goshen Run and Stonehedge, and assisting in the fraudulent schemes described herein, to use Confessed Judgment Promissory Notes arising from consumer transactions in violation of Maryland Law. Andrews & Lawrence, the Defendant Attorneys, Goshen Run and Stonehedge each participated, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of unlawful activity under 18 U.S.C. § 1961(i)(b), 1961(5) and 1962(c), including multiple acts of mail and/or wire fraud, in violation of 18 U.S.C. § 1341 and/or § 1343.

227.    Each Class Member suffered injury to his or her property, within the meaning of 18 U.S.C. § 1964(c), by reason of the Defendants' violations of 18 U.S.C. § 1962(c).

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.      Award Plaintiffs actual damages, as provided for in 18 U.S.C.A. § 1964, in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.      Award Plaintiffs treble damages;

C.      Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.      Award pre-judgment interest;

E.      Award Plaintiffs reasonable costs and attorney's fees; and

F.      Award Plaintiffs such other and further relief as the Court deems just and proper.

### Count VII
### Racketeer Influenced and Corrupt Organizations (RICO)
### 18 U.S.C.A. § 1962(d)
(against All Defendants)

228.    Plaintiffs re-allege and incorporate by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

229.    Each Named Plaintiff and each Class Member is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

230.    Andrews & Lawrence, Defendant Attorneys, and the HOAs and the co-conspirator Creditor Clients are "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(d).

231.    Andrews & Lawrence and the Defendant Attorneys, through contractual arrangement and joint management activity, formed an association-in-fact with the Creditor Clients, including but not limited to Goshen Run and Stonehedge, which constitutes an

"enterprise" engaged in illegal activities affecting interstate commerce pursuant to 18 U.S.C. §§ 1961(4) and 1962(a).

232.    Andrews & Lawrence, the Defendant Attorneys and Creditor Clients including the HOAs as co-conspirators were associated with the enterprise described herein, and conspired within the meaning of 18 U.S.C. § 1962(d) to violate § 1962(a) and (c).

233.    Andrews & Lawrence, the Defendant Attorneys, and the HOAs each knew of the RICO violations of the enterprise and agreed to facilitate those activities.

234.    Andrews & Lawrence, the Defendant Attorneys and Creditor Clients including the HOAs as co-conspirators conspired to use or invest income derived from a pattern of unlawful activity under 18 U.S.C. § 1961(1) to acquire an interest in, establish and operate the enterprise and have done so through a pattern of unlawful activity including under 18 U.S.C. § 1961(1), *inter alia*, multiple instances of mail and/or wire fraud in violation of 18 U.S.C. § 1341 and/or §1343.

235.    Andrews & Lawrence, the Defendant Attorneys and Creditor Clients including the HOAs as co-conspirators conspired to operate, maintain control of, and maintain an interest in the enterprise and have done so through a pattern of unlawful activity including under 18 U.S.C. § 1961(1), *inter alia*, multiple instances of mail and/or wire fraud in violation of 18 U.S.C. § 1341 and/or §1343.

236.    The Named Plaintiffs and each Class member have suffered injury to his or her property within the meaning of 18 U.S.C. § 1964(c) by reason of the commission of overt acts constituting illegal activity in violation of 18 U.S.C. §§ 1961(1) and 1962(d).

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.     Award Plaintiffs actual damages, as provided for in 18 U.S.C.A. § 1964, in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.     Award Plaintiffs treble damages;

C.     Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.     Award pre-judgment interest;

E.     Award Plaintiffs reasonable costs and attorney's fees; and

F.     Award Plaintiffs such other and further relief as the Court deems just and proper.

## Count VIII
## Negligent Misrepresentation
(Against Andrews & Lawrence and the Defendant Attorneys)

237.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

238.    Andrews & Lawrence and the Defendant Attorneys owed a duty of care to Plaintiffs and the Plaintiff Class because of their status as attorneys and because of their affirmative actions creating a relationship with the Plaintiffs and the Plaintiff Class.

239.    Andrews & Lawrence negligently asserted that Confessed Judgment Promissory Notes arising from consumer transactions were legal and valid instruments.

240.    Andrews & Lawrence intended that their assertions would be acted upon by the Plaintiffs and the Class, and cause Plaintiffs and the Class to make payments on the illegal and unenforceable Confessed Judgment Promissory Notes.

241.    Andrews & Lawrence knew or should have known that the Plaintiffs and the Class would rely on the erroneous representations that the Confessed Judgment Promissory Notes were

54

legal and valid and further that Plaintiffs and Class Members would make payments as a result of that reliance.

242.    Plaintiffs and the Class, in an inferior position in terms of both bargaining power and knowledge of the law, justifiably relied on Andrews & Lawrence's assertion as to the overall legality of the Confessed Judgment Promissory Notes, and made payments as a result of that reliance.

243.    The reliance was justified because Andrews & Lawrence is a law firm with attorneys charged with knowledge of the law, a duty of candor to the Court and a duty of care to its clients.

244.    Plaintiffs and the Plaintiff Class suffered actual loss, emotional distress, mental anguish, and other damages proximately caused by the Andrews & Lawrence's negligence.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Award Plaintiffs actual damages in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.    Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

C.    Award pre-judgment interest; and,

D.    Award Plaintiffs such other and further relief as the Court deems just and proper.

### Count IX
### Fraud
(Against Andrews & Lawrence and the Defendant Attorneys)

245.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

246.    Andrews & Lawrence and the Defendant Attorneys owed a duty to the Plaintiffs and the Plaintiff Class.

247.    Andrews & Lawrence made false representations to the Plaintiffs and Plaintiff Class that the Confessed Judgment Promissory Notes were valid and enforceable.

248.    Andrews & Lawrence knew and/or recklessly disregarded the fact that the Confessed Judgment Promissory Notes violated the CPA and were, therefore, illegal, unenforceable and void *ab initio*.

249.    The fact that the Confessed Judgment Promissory Notes were illegal, unenforceable and void is a material fact because the Plaintiffs and the Plaintiff Class could not be required to make payments on such contracts.

250.    The misrepresentations were made for the purpose of defrauding the Plaintiffs and the Plaintiff Class and to coerce them into entering into illegal contracts for the repayment of allegedly owed consumer debts.

251.    Plaintiffs and the Plaintiff Class relied to their detriment on the misrepresentations and had the right to rely on them when they made payments pursuant to the Confessed Judgment Promissory Notes.

252.    Plaintiffs and the Plaintiff Class suffered actual loss, emotional distress and other damages caused by the Andrews & Lawrence's fraud.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Award Plaintiffs actual damages in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

B.    Award Plaintiffs punitive damages;

      C.      Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

      D.      Award pre-judgment interest;

      E.      Award Plaintiffs such other and further relief as the Court deems just and proper.

**Count XI**
**Money Had and Received**
(against All Defendants)

253.    Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

254.    As set forth above, the Andrews & Lawrence assessed and collected payments for HOAs, sales finance organizations and other Creditor Clients, pursuant to invalid and illegal Confessed Judgment Promissory Notes.

255.    Andrews & Lawrence, the Defendant Attorneys and HOAs were aware of, and had knowledge of the fact that the Confessed Judgment Promissory Notes were illegal, unenforceable and void *ab initio*.

256.    By doing so, the Andrews & Lawrence the Defendant Attorneys and the HOAs have come into the possession of money in the form of payments that they had, and have no right to, at law or in equity.

257.    It would be inequitable for the Andrews & Lawrence, HOAs, sales finance organizations, and/or other Creditor Clients to retain any such monies that they had no legal right to at law or in equity.

258.    As a result, Named Plaintiffs and Class members suffered damages.

WHEREFORE, Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

  A.  Award Plaintiffs actual damages in an amount equal to all amounts paid by Plaintiffs and Class members pursuant to the Confessed Judgment Promissory Notes;

  B.  Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

  C.  Award pre-judgment interest;

  D.  Award Plaintiffs such other and further relief as the Court deems just and proper.

**<u>Count XII</u>**
**Violation of the Maryland Consumer Protection Act**
Md. Code Ann., Com. Law § 13-101 *et seq.*
(against the HOAs)

259. Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

260. Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia,* in the collection of consumer debts.  Md. Code Ann., Comm. § 13-303(3) and (4).

261. HOA dues that Plaintiffs owe to the HOAs qualify as a consumer debt because they are incurred for personal and/or household purposes as a result of purchasing a home subject to the rules and restrictions of a homeowner's association.

262. As a "person" under the CPA, § 13-101(h), HOAs are prohibited from engaging in unfair, abusive, or deceptive trade practices.

263. The CPA specifically prohibits Defendants from making any false or misleading oral or written statement or other representation of any kind that has the capacity, tendency or effect of deceiving or misleading consumers.  Md. Code Ann., Comm. § 13-301(1).

264.     The CPA further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive.  Md. Code Ann., Comm. § 13-301(3).

265.     The CPA further prohibits Defendant from using a contract related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action. Md. Code Ann., Comm. § 13-301(12).

266.     In violation of the CPA, § 13-303(3) - (4) and § 13-301(1), Defendants represented to Named Plaintiffs and members of the Plaintiff Class that the Confessed Judgment Promissory Notes were legal and enforceable and proceeded to collect payments based on those Notes and representations.

267.     These representations were false and misleading and tended to and did deceive Named Plaintiffs and members of the Plaintiff Class, all of whom made payments the HOAs pursuant to the illegal Notes.

268.     In violation of the CPA, § 13-303(3) - (4) and §13-301(3), Defendants failed to disclose to Named Plaintiff sand members of the Plaintiff Class certain material facts, including the fact that the Confessed Judgment Promissory Notes were prohibited by the CPA and therefore void and unenforceable.

269.     These misrepresentations and failure to disclose material facts led Named Plaintiffs and members of the Plaintiff Class to make payments that were not due and that they would not have made had the HOAs informed them of the material facts. Defendants committed unfair and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, § 13-101 *et seq*., including § 13-303(3) and (4); § 13-301(1) and (3);

270.     In violation of the § 13-301(12) the HOAs used a contract related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert

a legal defense to an action when the collected money pursuant to the Confessed Judgment Promissory Notes and when they attached the Notes as a basis for the Confessed Judgment Complaints against the Plaintiffs.

271.    As a result of Defendants' unfair, abusive and deceptive trade practices in violation of the CPA, Named Plaintiffs and members of the Plaintiff Class paid money pursuant to illegal Confessed Judgment Promissory Notes, suffered actual loss and other damages.

**WHEREFORE**, Plaintiffs demand, on behalf of themselves and the proposed Plaintiff Class:

A.    Actual damages;

B.    Reasonable attorney's fees to be determined; and,

C.    The costs of this action.

Respectfully submitted,

/s/ Richard S. Gordon
Richard S. Gordon, Federal Bar No. 06882
Benjamin H. Carney, Federal Bar No. 27984
Ashley A. Wetzel,  Federal Bar No. 20196
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., St. 100
Baltimore, Maryland 21204
(410) 825-2300

Alexa E. Bertinelli, Federal Bar No. 07210
CIVIL JUSTICE, INC.
520 W. Fayette St., Ste. 410
Baltimore, MD 21201
(410) 706-0174

*Attorneys for Named Plaintiffs and the Plaintiff Class*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.


/s/ Richard S. Gordon
Richard S. Gordon