**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| CUMANDA CISNEROS *et al.*, | | |
| | * | |
| **Plaintiffs,** | | |
| | * | |
| v. | | **Case No.: PWG 18-cv-3236** |
| | * | |
| ANDREWS & LAWRENCE | | |
| PROFESSIONAL SERVICES, LLC *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Defendants Andrews & Lawrence Professional Services, LLC ("A&L"), Torin K. Andrews, and Kary Beth Lawrence (collectively "A&L Defendants") filed a motion requesting the imposition of costs and attorneys' fees under Federal Rules of Civil Procedure 11 and 41 against Plaintiffs, Cumanda Cisneros and Maria Santizo, and their counsel, Richard Gordon. Mot., ECF No. 111. Plaintiffs oppose this motion. Resp., ECF No. 115. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the A&L Defendants' motion is DENIED.

**BACKGROUND**

Plaintiffs filed a complaint against the A&L Defendants and Whiteford, Taylor & Preston, LLP ("WTP") in Montgomery County Circuit Court in October 2017. In December 2017, A&L and WTP removed the case to this Court. Resp. 2; *see also* Resp. Ex. A 4 (ECF No. 1), ECF No. 115-1. Shortly thereafter, the Plaintiffs and WTP entered mediation and Plaintiffs settled with WTP. Resp. 2. Plaintiffs' claims against the A&L Defendants were spun off into a separate action

---

[1]     Mot., ECF No. 111; Resp., ECF No.115; Reply, ECF No. 116.

that became this case. *Id.* As directed by the Court, in October 2018, Plaintiffs filed an Amended Complaint as to A&L, adding an additional Plaintiff, Ms. Santizo, and other Defendants, including two homeowners associations ("HOA Defendants"). ECF No. 1; *see also* Resp. Ex. A 8 (ECF No. 62). Plaintiffs filed a Second Amended Complaint in November 2018, ECF No. 15, and a few weeks later the A&L Defendants filed a Motion to Dismiss, ECF No. 34. The Motion to Dismiss was fully briefed in February 2019. ECF No. 54. I stayed the case from April 2019 to October 2019 to allow Plaintiffs to engage in settlement talks with the HOA Defendants. ECF Nos. 59, 73. In February 2020, following two Maryland Court of Appeals' decisions in related cases, Plaintiffs filed a Third Amended Complaint, which addressed the impact of these new decisions on the allegations in this case. ECF Nos.78, 85, 89. In July 2020, the Court set out a briefing schedule for motions to dismiss. ECF No. 103. Before briefing on the motions concluded, Plaintiffs voluntarily dismissed this case and refiled in state court. Resp. 3; ECF No. 104.

After the dismissal, the A&L Defendants filed a letter motion for attorneys' fees and costs. They contend that they are entitled to attorneys' fees under Federal Rule of Civil Procedure 41(d) because Plaintiffs' claims were brought in bad faith and the Maryland Consumer Protection Act (CPA), the underlying statute of one of Plaintiffs' causes of actions, provides for attorneys' fees in such circumstances. Mot. 2-3. The A&L Defendants further argue they are entitled to attorneys' fees because a district court may award attorneys' fees in accordance with Rule 41(d) when it makes a specific finding that a plaintiff has acted vexatiously or in bad faith. *Id.* Here, Defendants assert Plaintiffs acted vexatiously and in bad faith when they, without prior notice and while the A&L Defendants were preparing their Motion to Dismiss, voluntarily dismissed their Third Amended Complaint and filed a "near identical matter in the Circuit Court for Montgomery County, Maryland." *Id.* The A&L Defendants also request that the Court find the conduct of the

Plaintiffs and their attorneys was in bad faith in violation of Federal Rule of Civil Procedure 11. *Id.* at 4-5. Pointing to Plaintiffs' RICO and fraud claims, the A&L Defendants argue Plaintiffs brought claims without any factual or legal basis and failed to perform "even the slightest investigation into such claims." *Id.* at 4.

Plaintiffs respond that Rule 41(d) costs are inapplicable because Rule 41(d) only applies when a plaintiff who previously filed (and subsequently dismissed) an action in any court files a second action in federal court, including the same claims previously brought and dismissed against the same defendant. Resp. 1. Here, the second action was filed in state court. *Id.* And even if Plaintiffs had refiled their case in federal court, Plaintiffs argue, the A&L Defendants would not be entitled to fees under the CPA because Plaintiffs' suit was not of a frivolous nature or brought in bad faith as evidenced by the Maryland Court of Appeals' holding in *Goshen Run Homeowners Association v. Cisneros*, 467 Md. 74, 117 (2020) that A&L had indeed violated the CPA. *Id.* at 6. Nor did Plaintiffs act vexatiously in voluntarily dismissing their case in federal court and refiling in state court because such a decision was "grounded in judicial economy" and done in accordance with Md. Rule 2-322(c), which Plaintiffs contend required them to bring their claims against A&L in state court in the case of *Rojas et al. v. Manchester Farm Community Assoc., Inc.*, No. 467322V (Md. Cir. Ct. May 31, 2019), after A&L was impleaded as a third-party defendant. *Id. See also* Resp. Ex. C 16 (Docket No. 13), ECF No. 115-3. As to the A&L Defendants' claim for costs under Rule 11, Plaintiffs state that the A&L Defendants are not entitled to costs under Rule 11 because they did not comply with Rule 11's safe harbor provision. *Id.* at 6-7.

In their reply to Plaintiffs' opposition, the A&L Defendants cite to a D.C. Circuit case as "ample authority for this Court to award attorney's fees under Rule 41(d)." Reply 3. They also argue that Rule 11's procedural requirements are inapplicable here. *Id.*

## ANALYSIS

### I.  Federal Rule of Civil Procedure 41(d)

Under Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed a case in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of the previous action; and (2) may stay the proceedings until the plaintiff has complied." Whether Rule 41(d) applies here, where Plaintiffs, after dismissing their case in federal court, refiled in *state* court, is a matter of first impression in this Circuit.

In *Sargeant v. Hall*, the Eleventh Circuit addressed the applicability of Rule 41(d) in circumstances quite similar to those in this case. 951 F.3d 1280, 1281 (11th Cir. 2020). The plaintiff had filed a complaint in federal district court and a few months later voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The plaintiff subsequently filed a new action in Florida state court against the same defendant alleging the same wrongful conduct. The defendant moved in the closed federal case for costs of the previously dismissed action under Federal Rule of Civil Procedure 41(d). The district court, adopting the report of a magistrate judge, denied costs, holding that the Rule 41(d) "applies only when the defendant seeks relief in the second judicial proceeding, which must be filed in federal court." *Id.* at 1282. In affirming the district court's ruling, the Eleventh Circuit looked first to the text of Rule 41(d) and found that the text and title of the Rule support an interpretation that it applies only when the second action is filed in federal court. "The first sentence of Rule 41(d) specifies that the initial action may be filed in 'any court'" but in describing the second action, the Rule does not specify "that it may be 'in any court.'" *Id.* at 1283. The fact that the second "action" is not modified by "in any court" suggests that it must be an action in federal court "as an 'action' under the Federal Rules of Civil Procedure generally refers to a suit in a federal district court." *Id. See* Fed. R. Civ.

P. 1. The text of subsection (d)(2), which provides that "the court … may stay the proceedings until the plaintiff has complied," also strongly suggests that the second action must be an action in federal court. *Sargeant*, 951 F.3d at 1284. The second action is the only action that can be stayed as the first action has already been dismissed so "[u]nless the federal court in the first action can stay the second state-court action, the stay provision may become superfluous." *Id.* Furthermore, the title of Rule 41(d), "Costs of a Previously Dismissed Action," suggests that the motion for attorneys' fees should be filed in the second action "as it refers to the first action in the past tense." *Id.*

After finding that the text of the Rule supported the district court's denial of costs, the Eleventh Circuit looked at how other courts had analyzed the application of the Rule in similar circumstances. *Id.* at 1285. Different district courts had reached different conclusions but generally the courts that awarded attorneys' fees when the second action was filed in state court did so without conducting a fulsome analysis of the issue. *Compare Ross v. Infinity Ins. Co.*, No. CIV.A. 12-5050, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013) (awarding attorneys' fees to defendant under Rule 41(d) where plaintiffs voluntarily dismissed a federal action and refiled a nearly identical action in state court)*, with Collier v. Nat'l Penn Bank*, No. CIV.A. 12-3881, 2013 WL 7157976, at *1 (E.D. Pa. April 1, 2013) ("We conclude that a federal court is only authorized to award Rule 41(d) costs where the second action is either directly filed in federal court, Fed. R. Civ. P. 41(d) (plain language of the word 'files' in the Rule), or is properly removed to federal court after the plaintiff's failed attempt at forum shopping[.]")*, and Ayers v. Sarstedt, Inc.*, No. 316CV00275RCJWGC, 2016 WL 4521685, at *2 (D. Nev. Aug. 29, 2016) ("Plaintiffs have filed a subsequent suit in state court; however, Rule 41(d) applies to cases in which a plaintiff has filed

and dismissed a case prior to the case at bar. Here, Plaintiffs filed a case after this case, not prior to it; thus Rule 41(d) does not apply.").

The Eleventh Circuit also looked at the type of conduct Rule 41(d) seeks to deter. *Sargeant*, 951 F. 3d at 1287. The Federal Rules are intended "to regulate conduct in federal court, so when the second action is filed in state court, it should be state law which determines whether and to what extent costs and/or fees should be assessed against the plaintiff." *Id.* While there may be circumstances where a state lacks a procedural rule akin to Rule 41(d), thus leaving defendants without a mechanism for securing costs of a previous action, such a situation does not enable the court to "rewrite Rule 41(d) to accommodate them." *Id.* at 1288.

A review of additional case law supports the Eleventh Circuit's holding limiting the application of Rule 41(d). In *Fed. Trade Comm'n v. Health Rsch. Lab'ys, LLC*, the court held that Rule 41(d) did not apply when the second action was an administrative proceeding. No. 2:17-CV-00467-JDL, 2021 WL 199713, at *2-3 (D. Me. Jan. 20, 2021). The court explained that "the very premise of Rule 41(d) is that the federal court awarding costs is the second court, not the first." *Id.* In *Kent v. Hennelly*, the court also found Rule 41(d) to be inapplicable to plaintiff's "dismissal of an appeal and refiling in a district in another jurisdiction" because such application "would require the court to extend the reach of Rule 41(d) beyond what appears to be its current confines." No. 9:19-CV-1383-DCN, 2019 WL 5896442, at *4 (D.S.C. Nov. 12, 2019).

The A&L Defendants cite to a D.C. Circuit case, *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364 (D.C. 1981), to support their argument that this Court can award attorneys' fees in this circumstance. But that case, decided nearly twenty years before the *Sargent* case, is not binding on this court. Moreover, *GAF Corp.* does not actually support their position because the D.C. Circuit never explicitly considered the issue raised here (as the *Sargent* court did, quite extensively

and persuasively) and furthermore, the procedural history of *GAF Corp.* is dissimilar to this case. In *GAF Corp.*, plaintiff filed suit in district court, then filed a motion for voluntary dismissal and refiled the case in state court. *Id.* at 366. The court simultaneously granted plaintiff's motion for voluntary dismissal while denying defendant's motion for summary judgment; defendant appealed and plaintiff moved for summary affirmance. *Id.* at 366-67. The D.C. Circuit affirmed the dismissal and remanded the case solely to allow the district court to consider a motion for attorneys' fees. *Id.* at 367. The district court awarded attorneys' fees, plaintiff appealed, and the D.C. Circuit affirmed the decision to award attorneys' fees. *Id.* at 367-68. At no point did any of the parties raise, nor did the court consider, the issue that plaintiff had filed a second action in state court. *Id.* at 371. Simply put, the issue before this Court was not raised by the parties, neither was it analyzed and determined by the D.C. Circuit. As such, *GAF Corp.* is a poor choice for the A&L Defendants to bet the ranch on.

After reviewing the text of Rule 41(d), the Eleventh Circuit's opinion in *Sargeant*, the D.C. Circuit's opinion in *GAF Corp.*, and additional case law on this issue, I find the Eleventh Circuit's analysis in *Sargeant* to be persuasive. The plain text of Rule 41(d) suggests that it only applies when the second action is an action in federal court. Furthermore, it is clear that the Federal Rules of Civil Procedure are intended only to regulate conduct in federal court. As Fed. R. Civ. P. 1 unambiguously states, "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts"[2]. Since Plaintiffs have chosen to litigate their claims against the A&L Defendants in state court, rather than federal court, I must allow the state court to exercise its own jurisdiction. I hold that Rule 41(d) does not apply here because Plaintiffs have voluntarily dismissed their federal court action and refiled in state court. Because Rule 41(d) does not apply,

---

[2]     Fed. R. Civ. P. 1 does state that the rules of civil procedure govern the procedure in all federal actions "except as stated in Rule 81", but that rule is inapplicable to this case.

I therefore need not reach the question of whether Plaintiffs acted in bad faith as provided in Rule 41(d).

## II.  Federal Rule of Civil Procedure 11

Rule 11(c)(2), the so-called "safe harbor" rule, provides that before a party may file a motion for Rule 11 sanctions or present such a motion to the court, it must first serve the motion for sanctions on the party from whom it seeks sanctions in accordance with Rule 5, giving them fair notice of the specific conduct that allegedly violates Rule 11,  and must not "file[] or present[] [the motion] to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Courts analyzing this Rule have held that it imposes "mandatory obligations upon the party seeking sanctions" and therefore "failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).

Here, the A&L Defendants have failed to comply with Rule 11(c)(2)'s procedural requirements. The A&L Defendants did not serve their motion on Plaintiffs and wait the requisite 21 days to see if the challenged claims would be withdrawn or corrected. Instead, the A&L Defendants filed a letter with the Court requesting permission to file a motion for Rule 11 sanctions, ECF No. 106, and once the Court granted permission, subsequently filed the motion itself. Mot. The A&L Defendants argue that the "21 day rule under (c)(2) is not applicable in this case as the Plaintiff has never ceased amending its Complaint[.]" Reply 3. There is no exception to Rule 11(c)(2) for cases where Plaintiffs amend their complaint multiple times. Furthermore, more than four months passed between when Plaintiffs last amended their Complaint, February 26, 2020, ECF No. 89 and when Plaintiffs dismissed the case, July 14, 2020, ECF No. 104. The A&L Defendants could have drafted and served a Rule 11 motion on Plaintiffs at any point during

those four months.[3] The A&L Defendants also argue that the procedural requirements of Rule 11 are inapplicable because "the Motions procedure of this Court precludes the filing of any Motions without first obtaining permission." Reply 3. Not so. The motions procedure of this Court has no bearing on the A&L Defendants ability to comply with the procedural requirements of Rule 11. Rule 11 requires *service* of the motion on the opposing party before filing a sanctions motion in court. This Court's motions procedure does not prevent parties from fulfilling this requirement, it only dictates that parties obtain permission before *filing* said motion in this Court. Thus, the A&L Defendants should have served their proposed Rule 11 motion on Plaintiffs, waited 21 days, and then filed a letter with this Court explaining that they had complied with the notice provision of Rule 11, that the Plaintiffs had not withdrawn or appropriately corrected their allegedly sanctionable filing within 21 days, and requested permission to file their previously served Rule 11 motion. But the A&L Defendants did not do this. Therefore, the A&L Defendants' failure to comply with Rule 11's procedural requirements precludes the imposition of sanctions under the Rule.

## ORDER

For the foregoing reasons, it is hereby ORDERED that the A&L Defendants' Motion for Attorneys' Fees and Costs, ECF No. 111, is DENIED.

Date:   August 10, 2022                                    _____/S/_____
                                                                        Paul W. Grimm
                                                                        United States District Judge

---

[3]      The A&L Defendants also could have served a Rule 11 motion anytime between November 2018, when Plaintiffs filed their Second Amended Complaint, ECF No. 15, and April 2019, when I stayed the case, ECF No. 59, or anytime after October 2019, when I lifted the stay as to the A&L Defendants, ECF No. 73, until Plaintiffs filed their Third Amended Complaint in February 2020, ECF No. 89.